IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VALERIE DUFOUR, *ET AL.*                                                       PLAINTIFFS

VERSUS                                                  CIVIL ACTION NO. 1:05cv169WJG-JMR

AGCO CORPORATION, *ET AL.*                                             DEFENDANTS

<u>MEMORANDUM OPINION</u>

THIS CAUSE comes before the Court on motion of Plaintiffs to remand [153] the above referenced action to the Circuit Court of Jones County, Mississippi. Also pending before the Court is Plaintiffs' motion to withdraw [159] their motion to remand. The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises, concludes as follows:

Plaintiffs' motion to remand was filed in the master file of this case prior to the severance of certain plaintiffs from that master case. (Ct. R., Doc. 153.) Plaintiffs asserted in the motion to remand that diversity jurisdiction was not present in the case because certain named defendants this case are Mississippi residents, and those defendants did not join in the removal. (Ct. R., Doc. 153, p. 1.) Defendant DaimlerChrysler Corporation[1] [Chrysler] responded that any resident defendants were fraudulently joined and that complete diversity exists between the defendants and the plaintiffs. (Ct. R., Doc. 150, p. 1.)

---

[1] DaimlerChrysler Corporation is now known as Chrsyler LLC.

On August 26, 2008, Plaintiffs moved to withdraw their motion to remand. Chrysler responded that the motion to withdraw should be denied, and the Court should rule on (and deny) the motion to remand, which Chrysler states has been pending since June 21, 2004, presumably the date of its filing in the original state action. (Ct. R., Doc. 160, p. 1.) Chrysler asserts that the Court should decide the jurisdictional issue in this case to avoid any further motions to remand being filed by Plaintiffs, and further alleges that Plaintiffs' motion to withdraw is a tactical maneuver. (*Id.*, p. 4.)

## Discussion

Though the Plaintiffs acquiesce to federal jurisdiction by withdrawing their remand motion, the Court still must determine whether federal subject matter jurisdiction exists in this case. To do so, the Court will consider the merits of the motion to remand filed in this case. The original removal in this case was based on diversity of citizenship between the parties. (Ct. R.) Plaintiffs' original motion to remand provided that diversity did not exist in this case because of the presence of four Mississippi defendants, Chris Posey, Inc.; O'Reilly Automotive, Inc., Waters International Trucks, and Laurel Ford Lincoln-Mercury [Laurel Ford]. (Ct. R., Doc. 154, p. 8.) The motion further contends that three of these defendants did not join in the removal. (*Id.*) The remand motion does not identify exactly which defendant joined the removal. (*Id.*) Claims against Chris Posey, Inc., were dismissed in this case without prejudice on July 20, 2005. (Ct. R., Doc. 29.) Claims against O'Reilly Automotive were dismissed in this case without prejudice on July 26, 2005. (Ct. R., Doc. 35.) Claims against Waters International Trucks, Inc., were dismissed in this case without prejudice on June 20, 2005. (Ct. R., Doc. 12.)

It appears that Laurel Ford may have been joined in this case to defeat diversity jurisdiction.  A removing defendant bears a heavy burden of proving fraudulent joinder by clear and convincing evidence.  *Blackwell v. Metropolitan Life Ins. Co.*, 190 F. Supp. 2d 911, 914 (S.D. Miss. 2001).  To successfully prove a non-diverse defendant has been fraudulently joined, the removing party must demonstrate that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002).  In conducting this inquiry, the district court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff".  *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003); *Culpepper v. Double R, Inc*., 269 F. Supp.2d 739, 741 (S.D. Miss. 2003).  In addition, the court must resolve all ambiguities of state law in favor of the non-removing party.  *Ross v. Citifinancial, Inc*., 344 F.3d 458, 462-3 (5th Cir. 2003), *cert. denied* 546 U.S. 813 (2005).

Claims of fraudulent joinder should be resolved by a review of the pleadings, affidavits and other evidentiary material, and if necessary, the court should pierce the pleadings to determine whether it has jurisdiction in the matter.  *Burden v. General Dynamics Corp*., 60 F.3d 213, 217 (5th Cir. 1995).  Plaintiffs in this case assert that exposure to asbestos containing products allegedly manufactured, sold or distributed by the defendants resulted in their injuries.  (Ct. R., Doc. 151-2, pp. 5-20.)  The removing defendants assert that Plaintiffs have not provided sufficient evidence of specific claims against the local defendant.  (Ct. R., Doc. 151-1, p. 1.)

When considering whether non-diverse defendants were fraudulently joined to defeat diversity of citizenship jurisdiction, the Court should "pierce the pleadings" and consider

"summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995).  There must at least be a reasonable basis for predicting that state law will allow recovery in order to preclude a finding of fraudulent joinder.  *Badon v. RJR Nabisco, Inc*., 236 F.3d 282, 286 n.4 (5th Cir. 2000)  This procedure has long been endorsed by the Fifth Circuit Court of Appeals.  *See, e.g., Carriere v. Sears Roebuck & Co.,* 893 F.2d 98 (5th Cir. 1990).  The plaintiffs "may not rest upon mere allegations or denials within the pleadings" in meeting this standard.  *Beck v. Texas St. Bd. Of Dental Examiners, Inc*., 204 F.3d 629, 633 (5th Cir. 2000).  Conclusional or generic allegations of wrongdoing on the part of in-state defendants are not sufficient to establish that the resident defendants were not fraudulently joined.  *Badon*, 224 F.3d at 392-3.  Removal is not precluded merely because the complaint legally sets forth a claim against a non-diverse defendant.  *Badon*, 224 F.3d at 390.

     Bearing these standards in mind, the Court has thoroughly reviewed the motion to remand and the Defendant's response to that motion along with the complaint, seeking evidence to support Plaintiff's claims against Laurel Ford.  Although the complaint outlines the legal basis for Plaintiffs' claims against the defendants, there are no specific factual allegations provided against any defendant to support the claims.  (Ct. R., Doc. 151-2, pp. 2-10, 12-16.)  Plaintiffs' remand motion does not supply the necessary facts to allow the Court to determine whether there is any possibility that Plaintiffs might prevail on their claims against the in-state defendants.  (Mot. to Remand, pp. 1-4.)  The plaintiffs have not submitted facts sufficient to support their claims to meet the well established requisite legal standards to allow the Court to determine that the in-state defendants were not fraudulently joined in an effort to defeat diversity jurisdiction.

*See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  The Court, therefore concludes that Laurel Ford was fraudulently joined, and its citizenship does not defeat diversity jurisdiction.  The Court further finds that Plaintiffs' motion to remand should be denied.  The Court also finds that the motion to withdraw the motion to remand should be denied as moot.  Finally, the Court finds nothing within the motion to merit an award of fees to either party as a result of the removal.  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

## Conclusion

For the aforementioned reasons, the Court finds that Plaintiffs' motion to remand [153] this case to the Circuit Court of Jones County, Mississippi, should be denied.  The Court further concludes that the motion to withdraw [159] the motion to remand should be denied as moot.  A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date.  Each party shall bear its respective costs in connection with these motions.

THIS, the 15th day of October, 2008.

        *Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE