IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VALERIE DUFOUR, *ET AL.* PLAINTIFFS

VERSUS CIVIL ACTION NO. 1:05cv169-WJG-JMR

AGCO CORPORATION, *ET AL.* DEFENDANTS

MEMORANDUM OPINION

THIS CAUSE comes before the Court on motion [226] of Defendants Ford Motor Company [Ford] and General Motors Corporation [GM] for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiffs' have filed a motion [224] for summary judgment against Ford and GM. Also pending before the Court are motions involving these parties not directly related to the summary judgment motions. These motions include Defendants' motion [176] to strike Plaintiffs' expert witnesses Dr. William Longo and Dr. Michael Neiswiadomy; Defendants' motion [179] to strike Plaintiffs' expert witnesses Dr. Stephen Harless and Dr. Robert J. Robbins; Plaintiffs' motion [193] to compel discovery from Ford; Defendants' motion [216] to strike certain requests made in Plaintiffs' reply to Defendants' response to the motion to compel discovery; and Plaintiffs' motion [225] to exclude the expert Brent Saunders. The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises concludes as follows.

According to the allegations of the Complaint, Douglas Dufour was exposed to asbestos containing products at Dufour International, the International Harvester dealership owned by

Douglas Dufour's father. (Ct. R., Compl., pp. 4-6, 14-16.) Ford and GM contend that Plaintiffs cannot establish that Douglas Dufour used or was exposed to any asbestos containing friction product made or supplied by either Ford or GM. (Ct. R., Doc. 230, pp. 4-5.) According to Defendants, this is an essential element of Plaintiffs' claims against these Defendants. (*Id.*, p. 5.)

No witness has identified Douglas Dufour as having worked on any Ford or GM product while at Dufour International. (Ct. R., Doc. 230, Exh. 11, pp. 409-10; Exh. 12, pp. 121-1; Exh. 13, pp. 61-2; Exh. 14, p. 140.) According to testimony, Douglas Dufour never owned a Ford or GM product and although he helped a friend work on these type vehicles, the replacement parts were not Ford or GM products. (*Id.*, Exh. 15, p. 27; Exh. 16, pp. 130-2; Exh. 17, pp. 353-4; Exh. 18, pp. 318-23; Exh. 19, pp. 322-2.)

## Discussion

Under Mississippi law pertaining to asbestos cases, the plaintiffs must prove three elements in a products liability action. *See* MISS. CODE ANN. § 11-1-63 (2002). Simply put, this means that the plaintiffs must establish product identification, exposure to that product, and the proximate cause of a defendant's product to survive a motion for summary judgment. *Monsanto Co. v. Hall*, 912 So.2d 134, 136 (Miss. 2005). A plaintiff must prove more than a casual or minimal contact with a defendant's product to circumvent summary judgment. *Gorman-Rupp Co. v. Hall*, 908 So.2d 749, 756 (Miss. 2004). Unfortunately in this case, Plaintiffs cannot establish contact with any Ford or GM product. (Ct. R., Doc. 230, Exh. 11, pp. 409-10; Exh. 12, pp. 121-1; Exh. 13, pp. 61-2; Exh. 14, p. 140.

Bearing this standard in mind, the Court has thoroughly reviewed both motions for summary judgment in this case, seeking evidence to support the Plaintiffs' claims against either

Ford or GM. Although the Complaint outlines the legal basis for the Plaintiffs' claims against these Defendants, there are no specific factual allegations provided against any defendant to support the claims. (Ct. R., Compl., pp. 4-6, 14-16.) Plaintiffs have not submitted facts to support their claims against Ford or GM sufficient to meet the requisite legal standards to allow the Court to deny Defendants' summary judgment motion. The Court, therefore, concludes that Ford and GM's motion for summary judgment should be granted. The Court further finds that this ruling renders Plaintiffs' motion for summary judgment moot, and it should be denied as such.

Addressing the remaining motions, the Court finds that Defendants motions to strike Plaintiffs' expert witnesses Dr. William Longo, Dr. Michael Neiswiadomy, Dr. Stephen Harless and Dr. Robert J. Robbins should be denied as moot; Plaintiffs' motion to compel discovery from Ford and the associated motion filed by Ford and GM to strike certain requests made in Plaintiffs' reply to Defendants' response to the motion to compel discovery should be denied as moot; and, finally, Plaintiffs' motion to exclude the expert Brent Saunders should be denied as moot.

Conclusion

For the aforementioned reasons, the Court finds that the motion [226] filed by Ford and GM for summary judgment pursuant to Federal Rule of Civil Procedure 56 should be granted. The Court further finds that Plaintiffs' motion for summary judgment [224] against Ford and GM should be denied as moot. The Court also finds that Defendant's motion [176] to strike Plaintiffs' expert witnesses Dr. William Longo and Dr. Michael Neiswiadomy, and Defendant's motion [179] to strike Plaintiff's expert witnesses Dr. Stephen Harless and Dr. Robert J. Robbins

should be denied as moot; Plaintiffs' motion [193]to compel discovery from Ford and the associated motion [216] filed by Ford and GM to strike certain requests made in Plaintiffs' reply to Defendants' response to the motion to compel discovery should be denied as moot; and Plaintiffs' motion [225]to exclude the expert Brent Saunders should also be denied as moot.  A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date.  Each party shall bear its respective costs in connection with these motions.

THIS the 22nd day of January, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE