IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


VALERIE DUFOUR, *ET AL.*                                                    PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 1:05cv169WJG-JMR

AGCO CORPORATION, *ET AL.*                                                  DEFENDANTS


O R D E R


THIS CAUSE comes before the Court on motion [243] of the Plaintiff, Valerie Dufour,

for reconsideration of the order granting the motion for summary judgment filed by Defendants

Ford Motor Company [Ford] and General Motors Corporation [GM].   (Ct. R., Doc. 242.)  Also

pending before the Court is Ford and GM's motion [244] to strike the affidavit of Reggie

Dufour[1] presented in support of Plaintiff's opposition to the motion for summary judgment.

According to Plaintiff, the Court should reconsider the order granting summary judgment

because the Court erroneously concluded the Plaintiff cannot establish Doug Dufour's contact

with any Ford or GM product.  (Ct. R., Doc. 243, p. 1.)  Plaintiff contends that a challenge to an

allegedly unconstitutional discrimination against older persons in the standard of proof rule

articulated in *Gorman-Rupp Co. v. Hall* and *Monsanto v. Hall* was raised which the Court did not

address in the summary judgment opinion.  (*Id*., p. 2.)  The Court is unable to find any authority

to support Plaintiffs's argument concerning unconstitutional discrimination and finds no reason

to overturn the findings in the summary judgment based upon this contention.

_____

[1]Reggie Dufour is the cousin of Doug Dufour, Deceased.

Defendants assert that Reggie Dufour's affidavit should be struck because it does not comport with his deposition testimony given on April 19, 2005. (Ct. R., Doc. 244, p. 1.) Defendants aver the affidavit presented in response to the motion for summary judgment was in direct conflict with his prior deposition testimony, without explanation for the discrepancy. (*Id*., p. 2.) Defendants further assert that Reggie Dufour testified in his deposition that Doug was not a mechanic; that any Ford or GM parts used on vehicles fit without grinding or alteration; and that he and Doug were assigned to the parts room and spent most of their time there – not in the shop. (Ct. R., Doc. 244, p. 6; citing Exh. B, p. 237.)

Defendants argue that no product identification witness could recall Doug doing any work with a Ford or GM product while he worked at Dufour International. (Ct. R. Doc. 245, Exh. 1, pp. 409-10.) Reggie Dufour testified in his deposition that he did not recall Doug doing any mechanical work. (*Id*., Exh. 2, pp. 121-2.) Ben Vick, a mechanic at Dufour International, could not recall Doug doing anything at Dufour International other than carrying parts and general clean up work. (*Id*., Exh. 3, pp. 61-2.) Sam Fulton, another mechanic, testified that he could not remember Doug doing any brake work. (*Id*., Exh. 4, p. 140.)

Dufour International was not a GM distributor. (*Id*., Exh. 5.) Several witnesses testified that if any GM or Ford parts were necessary to complete a job, those parts had to be purchased from a GM or Ford dealership as Dufour International did not stock those parts. (*Id*., Exh. 1, pp. 307, 312; Exh. 2, pp. 195-6; Exh. 4, pp. 10, 14.) In addition, Ben Vick and Curtis Dufour[2] testified that the brakes on light and medium Ford and GM trucks were bonded and that Dufour International did not have the equipment to reline bonded brakes. (*Id*., Exh. 1, pp. 272, 309, 312;

---

[2]Doug Dufour's brother.

Exh. 3, p. 135.)  Although certain individuals testified that Dufour International would occasionally service brand name vehicles other than International Harvester vehicles, including Ford and GM, this type of service work was transient and sporadic.  (*Id*., Exh. 1, pp. 314-15.) Any Ford or GM parts which were used in the repair of these vehicles fit as manufactured.  (*Id*., Exh. 2, pp. 317-19; Exh. 4, p. 135.)  Doug primarily worked in the parts department, which did not stock Ford or GM products, and not in the service area while at Dufour International.  (*Id*., Exh. 2., pp. 14, 17, and 128.)

A plaintiff must prove three elements to survive a summary judgment motion which include frequency of contact, regularity or contact and proximity of exposure to a defendants' product by the plaintiff.  *Monsanto v. Hall*, 912 So.2d 134, 136 (Miss. 2005).  Further elaboration on the elements include proof of exposure to the product, on a regular basis, over an extended period of time and in proximity to where the plaintiff actually worked.  *Gorman-Rupp Co. v. Hall*, 908 So.2d 749, 757 (Miss. 2005.)  Whether viewing the evidence as presented in the motion for summary judgment or even considering the information contained in the Reggie Dufour affidavit, Doug has not met the "frequency, regularity and proximity" standard as required under Mississippi law.  For this reason alone, the Court finds no reason to overturn its previous ruling on this motion.

Regarding the motion to strike the Reggie Dufour affidavit which Ford and GM assert is in conflict with testimony provide in Reggie Dufour's deposition, the Court concurs that the affidavit cannot be used to contradict sworn testimony.  *See SWS Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 495 (5th Cir. 1996.)  "When the sole evidence purporting to create a genuine issue of material fact and thus to preclude summary judgment is an affidavit that conflicts with deposition

testimony, [there must be] an explanation of this conflict." *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 482 (5th Cir. 2002). Should the court find a direct contradiction, and if the proffered explanation is insufficient to create a genuine issue of material fact, the court may disregard the affidavit. *See Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386-7 (5th Cir. 2000). In this case, the Court agrees that the information in the affidavit conflicts with the earlier deposition testimony, and no explanation for the contradiction was offered. The Court, therefore, finds that the motion to strike the affidavit should be granted. It is therefore,

ORDERED AND ADJUDGED that Plaintiffs' motion [243] for reconsideration of the order granting the motion for summary judgment filed by Defendants Ford and GM be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the motion [244] of Defendants Ford and GM to strike [244] the affidavit of Reggie Dufour be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that each party bear their respective costs in connection with these motions.

SO ORDERED AND ADJUDGED this the 13th day of March, 2009.


_____*Walter J. Gex III*_____
UNITED STATES SENIOR DISTRICT JUDGE